**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1804
_____

MAURICIO FERNANDO ESTRADA GARCIA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-231-129)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 21, 2011
Before:  HARDIMAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 23, 2011)
_____

OPINION
_____

PER CURIAM

Mauricio Fernando Estrada Garcia petitions for review of a decision by the Board

of Immigration Appeals ("BIA") affirming an immigration judge's decision denying his

applications for withholding of removal and protection under the Convention Against

Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

I.

Garcia, a citizen of Guatemala, entered the United States in October 1988. In May 2007, he was detained by the Department of Homeland Security ("DHS") which issued a Notice to Appear charging him with being subject to removal pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Garcia subsequently filed an application for asylum, withholding of removal, and for relief pursuant to the United Nations Convention against Torture ("CAT"). In immigration court, he conceded that he was inadmissible as charged and withdrew his claim for asylum.

Garcia claimed that he was persecuted in Guatemala due to his membership in, and organizing activities for, a labor union and that he feared for his life if he was returned to that country. At his hearing before an immigration judge ("IJ"), he testified about three incidents he claimed amounted to persecution. First, he described being accosted in January 1988 by two unknown men who brandished a gun and threatened to kill Garcia if he did not stay away from the union. Second, he described a union protest that was disrupted without violence by the Guatemalan military. He finally testified about a February 1988 assault in which a group of men in military uniforms attacked him without explanation, leaving him unconscious for five days and hospitalized for fifteen. After the February assault, he hid at his aunt's home for three months, then moved to Mexico and, later, the United States. He further testified that until his death in 1992, his

2

father frequently told him that the authorities were searching for him.

In November 2008, the IJ noted that the January 1988 incident was not referenced in any way in Garcia's I-589, and held that his explanation for the omission—that he did not think it would be necessary to include it in that statement and preferred to explain it in person—was unsatisfactory. The IJ therefore determined that he had not testified credibly. Even assuming Garcia had testified credibly, the IJ noted that the harm Garcia claimed to have suffered did not constitute persecution and that he did not establish a well-founded fear of future persecution. Accordingly, the IJ ordered Garcia's removal. On appeal of that order, the BIA held that the IJ's credibility determination was supported by specific, cogent reasons and that Garcia did not provide a reasonable explanation. The Board likewise agreed with the IJ's alternative reasoning. Accordingly, they affirmed the determination and dismissed his appeal. Garcia timely petitioned for review.[1]

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). This Court reviews the decision of the Board and, to the extent deferred to or incorporated therein, the decision of the immigration judge. Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir.

---

[1] Garcia's petition was initially filed before the United States Court of Appeals for the Second Circuit; however, because his removal proceedings were completed in Newark, New Jersey, that Court granted his motion to transfer the petition to this Court.

2003). We review factual findings, including any credibility determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). Under that standard, we must uphold the BIA's decision unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). An applicant bears the burden of proving eligibility for withholding of removal. See 8 U.S.C. § 1231(b)(3)(C).[2]

### III.

As an initial matter, we note that Garcia has presented no argument regarding the denial of his CAT claim. Accordingly, we deem any appeal of the that issue to have been waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

We conclude that substantial evidence supports the decision to reject Garcia's credibility. His I-589 was, as noted by the IJ, limited to a discussion of the claimed February 1988 assault. Garcia's explanation for omitting any account of the January 1988 assault was considered and rejected by both the IJ and the Board. We discern no

---

[2] Because Garcia filed his application for withholding of removal after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go to the heart of his claim. See Lin v. Att'y Gen., 543 F.3d 114, 119 n.5 (3d Cir. 2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Garcia's demeanor, the plausibility of his story, and the consistency of his statements. See 8 U.S.C. § 1158(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006). We have not applied the REAL ID Act standard in a precedential opinion. Here, because the inconsistencies identified by the IJ relate to the heart of Garcia's claims, and would thus support an adverse credibility determination even under the pre-REAL ID Act standard, we need not consider whether 8 U.S.C. § 1158(b)(1)(B)(iii) is consistent with due process. See Wang v. Holder, 569 F.3d 531, 538 (5th Cir. 2009) (canvassing Circuit law

error in that rejection. Accordingly, the record supports the determination that Garcia was not credible. It likewise supports the determination that he failed to meet his burden to demonstrate that he was entitled to relief. See 8 U.S.C. § 1231(b)(3)(C). In light of that failure, we need not address the IJ's or the BIA's alternative reasoning.

IV.

For the reasons we have given, we will deny Garcia's petition for review. Garcia's motion for stay of removal is denied.

---

on the provision).